[801 NYS2d 546]

# In the Matter of Morris Mark Abolafia, an Attorney, Resignor.

Second Department, October 3, 2005

## APPEARANCES OF COUNSEL

*Morris Mark Abolafia*, East Rockaway, resignor pro se.

*Faith Lorenzo*, Hauppauge (*Michael Fuchs* of counsel), for Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Morris Mark Abolafia has submitted an affidavit dated May 16, 2005, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Abolafia was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 19, 1980.

Mr. Abolafia is aware that evidence of professional misconduct on his part has been adduced by the Grievance Committee's ongoing investigation and that charges would be prosecuted in a disciplinary proceeding to be recommended by the Grievance Committee to the Court. He acknowledges that on or about August 25, 2000, he was retained to represent Marlene Kravitz with respect to a matrimonial proceeding against her husband, Robert Kravitz and the sale of their marital home. Mr. Abolafia agreed to prepare and file the necessary documents to obtain the divorce once the parties signed the settlement agreement. From the time the agreement was signed in early July 2001 through August 2003, Mr. Abolafia admittedly neglected the legal matter entrusted to him in that he failed to prepare and file the documents necessary to obtain the divorce.

In or about June 2000, Mr. Abolafia was retained to represent Yvonne Tann-Jones in a matrimonial proceeding. On or about January 15, 2001, Ms. Tann-Jones and her husband signed a stipulation of divorce. From that date through February 2004, Mr. Abolafia admittedly neglected the legal matter entrusted to him in that he failed to prepare and file the documents necessary to obtain the divorce.

On or about April 7, 2003, Mr. Abolafia represented Yellow Book Co., Inc., as the creditor in an action against Susan Johnson, the debtor. On or about April 7, 2003, Ms. Johnson satisfied the judgment by forwarding a check to Mr. Abolafia in the amount of $2,516.72. The check was drawn on the account of Equity Settlement Services, Inc., and was payable to Morris M. Abolafia, Attorney. Mr. Abolafia admittedly engaged in conduct prejudicial to the administration of justice in failing to file a satisfaction of the judgment.

Mr. Abolafia acknowledges his inability to successfully defend himself on the merits of the disciplinary charges which would be initiated against him by the Grievance Committee based on the facts and circumstances described herein. He avers that his resignation is freely and voluntarily tendered and that he is not being subjected to coercion or duress by anyone. Mr. Abolafia is fully aware of the implications of submitting his resignation, including being barred by Judiciary Law § 90 and the Court

rules from seeking reinstatement as an attorney for at least seven years.

Mr. Abolafia's resignation is submitted subject to any application which can be made by the Grievance Committee for an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection of the State of New York pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Inasmuch as the proffered resignation complies with all pertinent Court rules, it is accepted and, effective immediately, Mr. Abolafia is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law. In view of Mr. Abolafia's resignation, the Grievance Committee's pending motion, inter alia, to suspend Morris Mark Abolafia pursuant to 22 NYCRR 691.4 (*l*) (1) (i) and to authorize the institution of a disciplinary proceeding against him, which includes a petition, dated March 28, 2005, containing seven charges of professional misconduct, is denied as academic.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and LIFSON, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Morris Mark Abolafia is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Morris Mark Abolafia shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Morris Mark Abolafia is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the resignor, Morris Mark Abolafia, has been issued a secure pass by the Office of Court Administration, it

shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the Grievance Committee's motion, inter alia, to suspend Morris Mark Abolafia pursuant to 22 NYCRR 691.4 (*l*) (1) (i) and to authorize the institution of a disciplinary proceeding against him, is denied as academic.